**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION**

United States of America,                                              Criminal No. 08-118 PAM/AJB

          Plaintiff,

v.                                                                                   **REPORT AND RECOMMENDATION**

(2)    Mingwen Yang,
(3)    Kaneeka Chanthavong,
(11)  Chue Dou Vang,
(23)  Guangping Lin,
(28)  Toua Xiong,
(34)  Joe Yang, and
(37)  Yanxia Teng,

          Defendants.

      LeeAnn Bell, Esq., and David Genrich, Esq., Assistant United States Attorneys,
          for the plaintiff, United States of America;
      Lee Johnson, Esq., for defendant Mingwen Yang;
      Charles Hawkins, Esq., for defendant Kaneeka Chanthavong;
      Thomas Plunkett, Esq., for defendant Chue Dou Vang;
      Neal Shapiro, Esq., for defendant Guangping Lin;
      John Pecchia, Esq., for defendant Toua Xiong;
      John Fossum, Esq., for defendant Joe Yang; and
      Douglas Myren, Esq., for defendant Yanxia Teng.

This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on June 30, 2008, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis 55415. The Court issued an Order on Motions dated July 2, 2008, reserving defendant Toua Xiong's motions to suppress statements, and various defendants' motions for severance, for submission to the district court on report and recommendation.

Based upon the file and documents contained therein, along with witness

testimony and memorandums of counsel, the magistrate judge makes the following:

**Findings**

**Statements.** ICE Special Agent Smithberg and another ICE special agent went to the home of defendant Toua Xiong on November 1, 2007, for the purpose of asking Toua Xiong some questions in regard to a matter under investigation by the agents. The agents had not called ahead to announce their visit and Mr. Xiong did not know the agents were coming to his home. There was no answer when the agents first knocked or rang at the front door of the residence. Consequently, Special Agent Smithberg's partner went to the back of the house where he met Toua Xiong and called for Smithberg to join them. Mr. Xiong was wearing a jacket and it is unknown to agents whether he was coming or going, or just being outside. The agents advised the defendant that they wanted to ask him some questions and he agreed to talk with them, at which time they all went inside the residence, walked through the kitchen, and proceeded into the family room. When they entered the home there was an adult male in the kitchen who left at some time during the agents' visit. The agents both wore casual street clothes and no firearms were displayed.[1]

Special Agent Smithberg sat on a sofa in the family room and defendant Toua Xiong sat on chair approximately 4 to 5 feet away. The second agent stood to Smithberg's left, approximately 8 feet away from the defendant. The agents thereafter commenced a conversation and questioned Mr. Xiong for approximately one hour to an-hour-and-twenty-minutes. They identified themselves as federal agents at some point before or during the meeting. The

---

[1] Special Agent Smithberg testified that he was carrying a weapon, but he did not know whether his partner was armed.

2

defendant was told that the interview was in regards to the "James Lee investigation." He was not arrested before, during or after questioning, and he was not advised of his rights under Miranda at any time during the interview. Both agents posed questions to the defendant and Mr. Xiong provided responses appropriate to the questions. The defendant was not impaired or intoxicated at the time of the meeting; no threats or promises were made to induce the defendant's cooperation; and the defendant made no request that the questioning cease or that he be permitted to obtain the advice of an attorney.

At some point during the interview the defendant advised the agents that he had some photos that were upstairs at the residence and he went to retrieve them, accompanied by the agents. In addition, Special Agent Smithberg spoke with defendant Toua Xiong at work on other occasions without advising the defendant of his Miranda rights.

Based upon the foregoing Findings, the Court makes the following:

**Conclusions of Law**

**Statements.** Defendant Toua Xiong's statements to ICE Special Agent Smithberg in a November 1, 2007, interview at the defendant's home were not made while defendant was under arrest or in a custodial setting and suppression of the statements is not required. Furthermore, the interview statements were not the result of defendant's will being overborne through police coercion or pressure and were not obtained in violation of defendant's rights on that account. Agents were inside the residence pursuant to defendant's invitation; defendant's statements were freely and voluntary provided; the statements were not the result of promises, threats, or coercion; the statements were not otherwise obtained in violation of Toua Xiong's constitutional rights, including the right to counsel and the right to remain silent; and

defendant was not arrested at the conclusion of the interview.  The statements should not be suppressed under the circumstances presented in this case.  Thatsaphone v. Weber, 137 F.3d 1041, 1044-45 (8th Cir. 1998).

**Severance.**  Pretrial severance of defendants is not required in this case. Defendants (28) Toua Xiong, (2) Mingwen Yang, (3) Kaneeka Chanthavong, (11) Chue Dou Vang, (23) Guangping Lin, and (34) Joe Yang have each moved for severance of defendants for separate trials on marriage fraud claims.  Defendants have variously asserted improper joinder, jury difficulty in distinguishing the alleged acts of each defendant, possible introduction of evidence that would be inadmissible against certain defendants in a separate trial or inability to present evidence that would otherwise be admissible in a separate trial, and possible violation of protections against self-incrimination.  The court concludes that defendants have not shown with particularity or certainty that severance is necessary to avoid risk of compromising any specific trial right to which any particular defendant is entitled or is necessary to prevent the jury from making a reliable judgment as to the guilt or innocence of each defendant.

Two or more defendants may be charged in the same indictment if they are alleged to have participated in the same transaction or series of incidents constituting an offense or offenses. Fed. R. Crim. P. 8(b).  There is a preference in the federal system for joint trials of defendants who are indicted together.  Zafiro v. United States, 506 U.S. 534, 113 S.Ct. 933, 937 (1993).  Persons charged with conspiracy should generally be tried together and it will rarely be improper for co-conspirators to be tried together.  United States v. Kindle, 925 F.2d 272, 277 (8th Cir. 1991); United States v. Stephenson, 924 F.2d 753, 761 (8th Cir. 1991)(cert. denied 502 U.S. 813 (1991)).

All of the co-defendants in this case have been indicted for conspiring with one another to commit marriage fraud. In addition, moving defendants Kaneeka Chanthavong, Guangping Lin, and Toua Xiong have been indicted on counts of aiding and abetting marriage fraud, and defendants Chue Dou Vang and Joe Yang and been indicted on counts of aiding and abetting visa fraud. The moving defendants specifically contend that the indictment in this matter alleges what is described as a "spoke and wheel" conspiracy, whereby the various defendants have a connection to a central hub,[2] but no conspiratorial connection to each other, except perhaps between respective marriage partners. It is defendants' view that, if anything, the indictment alleges multiple individual conspiracies rather that a single encompassing conspiracy. The government argues that the indictment properly alleges a single conspiracy, and that among those defendants facing trial in this matter, there are no evidentiary concerns that warrant severance.

In written argument,[3] defendant Guangping Lin asserts the "spoke and wheel" multiple conspiracy claim and contends that joinder of all the separate conspiracy actions under Fed. R. Crim. P. 8 was not proper. Defendant also argues that, in any event, the court should sever defendants under Fed. R. Crim. P. 14, because the jury would have insurmountable difficulty in distinguishing between facts and circumstances relating to each particular defendant, and furthermore, there likely will be no appreciable economy of court time in conducting a

---

[2] Defendants identify the "hub" individuals as Le Guo Wu and Houa Vang. Wu and Vang are not defendants in this case, but were prosecuted pursuant to another indictment, District of Minnesota, District Court Criminal File No. 07-388 PAM/JJG.

[3] Only defendant Guangping Lin submitted written argument on severance issues. Other defendants expressly joined in Guangping Lin's written argument on severance.

single trial including all defendants. Defendants offer no particularized argument with regard to evidentiary issues that might arise in a joint trial.

It is the general rule in the Federal system is that co-conspirators should be tried together. The court may grant a severance of defendants if it appears that a defendant is prejudiced by a joinder of defendants at trial. Fed. R. Crim. P. 14. A court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 113 S.Ct. at 938. The trial court's duty on a motion for severance is to weigh prejudice resulting from a single trial against the expense and inconvenience of separate trials. United States v. Parra, 2 F.3d 1058, 1062 (10th Cir. 1993).

Defendants reference United States v. Buckley, 525 F.3d 629, 633 (8th Cir. 2008) for the proposition that "where the 'spokes' of a conspiracy have no knowledge of or connection with any other, dealing independently with the hub conspirator, there is not a single conspiracy but rather as many conspiracies as there are spokes." Id. (quoting United States v. Chandler, 388 F.3d 796, 807 (11th Cir. 2004)). However, the inference that joinder of defendants was improper, and that pretrial severance for separate trials in this matter does not follow. Indeed, whether a single conspiracy, multiple conspiracies, or both exist is question for the trier of fact. Barkley at 633 (citing United States v. Smith, 450 F.3d 856, 860 (8th Cir. 2006)). Proof of multiple conspiracies when only a single conspiracy is charged may result in a "variance" between the indictment and the proof, but proceeding in a single trial on charges of a single conspiracy, which is subsequently shown to involve multiple conspiracies, is not reversible error unless a defendant's substantial rights are prejudiced. Barkley at 633 (citing United States v.

Barth, 424 F.3d 752, 759 (8th Cir. 2005)). In the present case Count 1 of the indictment expressly alleges a single marriage fraud conspiracy involving all defendants, and the government insists that the charge is appropriate. The indictment also alleges separate offenses of aiding and abetting marriage fraud involving each alleged marriage couple in Counts 2 through 21. Even presuming the defendants' position regarding multiple independent conspiracies to be correct, the court finds no grounds on which to preclude the government from proceeding on the single conspiracy theory. There are not facts before the court sufficient for this court to determine that any individual defendant's conviction on less widespread conspiracy or aiding and abetting charge could only be obtained at the cost of prejudicing the defendant's substantial rights. Though defendants have asserted prejudice based upon the possibility that the jury would have difficulty distinguishing between defendants who may have entered into fraudulent marriages and others who may have entered into legitimate marriages, the court is not persuaded that the number of remaining defendants in this matter would made the proceedings so cumbersome or confusing so as to cause the jury substantial difficulty in distinguishing the facts relating to one defendant from the facts relating to other defendants only, and severance is not required on that ground. Finally, the court determines that there is little likelihood of significant time savings to the court in conducting a single joint trial rather than multiple trials, and indeed, a joint trial might well be more efficient from the court's perspective. While defendants and counsel may at times find themselves listening to testimony that is not directly pertinent to their case, it is not readily apparent that a joint trial in this instance would be particularly lengthy. In summary, the present record in this case, including testimony produced at hearing, offers no compelling basis for a determination that one defendant is unduly prejudiced by joinder with the

other defendants in this case to the extent necessary to overcome the preference for joinder of defendants in conspiracy cases, and it is not patently apparent that a jury would be unable to distinguish and apply the evidence relating to one defendant from evidence relating to any other defendant.  Joinder of defendants in this case was not improper and severance is not required.

Based upon the foregoing Findings and Conclusions of Law, the Magistrate Judge makes the following:

### RECOMMENDATION

It is hereby **recommended** that:

1. Defendant (2) Mingwen Yang's Motion to Sever be **denied** [Docket No. 280];

2. Defendant (3) Kaneeka Chanthavong's Motion for Severance of Defendants be **denied** [Docket No. 290];

3. Defendant (11) Chue Dou Vang's Motion for Severance be **denied** [Docket No. 173];

4. Defendant (23) Guangping Lin's Motion for Separate Trial be **denied** [Docket No. 298];

5. Defendant (28) Toua Xiong's Motion for Severance be **denied** [Docket No. 268];

6. Defendant (28) Toua Xiong's Motion for Suppression of all Statements be **denied** [Docket No. 270]; and

7. Defendant (34) Joe Yang's Motion for Severance be **denied** [Docket No. 249].

Dated:    July 15, 2008

                                                          s/ Arthur J. Boylan
                                                          Arthur J. Boylan
                                                          United States Magistrate Judge

        Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before July 29, 2008.

        Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.